UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 15-cv-22942-KMW/SIMONTON

MUSTAFA LOBUT,
and other similarly situated individuals,

    Plaintiff,

v.

THE NATALIA COMPANY, INC.,
a Florida Profit Corporation,
NATALIA MOROZOVA, individually, and
VLADISLAVAS BORISEVIC, individually,

    Defendant(s).
_____/

## SETTLEMENT AGREEMENT AS TO CLAIMS FOR UNPAID WAGES

This Settlement Agreement ("Agreement") is made by Plaintiff, **MUSTAFA LOBUT** and Defendants, **THE NATALIA COMPANY, INC., NATALIA MOROZOVA**, individually and **VLADISLAVAS BORISEVIC**, individually ("Defendants"). The individuals executing this Agreement on behalf of Defendant have all requisite capacity, power and authority to execute and bind Defendant to this Agreement, and to perform all obligations hereunder.

WHEREAS, Plaintiff filed a lawsuit in the United States District Court, Southern District of Florida, Case No.: 15-cv-22942-KMW/SIMONTON, for alleged Fair Labor Standards Act violations, against Defendants; and

WHEREAS, Defendants deny any wrongdoing and denies Plaintiff's claims; and

WHEREAS, "Defendants" shall include its incorporators, Board of Directors, officers, owners, shareholders, servants, agents, insurers and its insurers' current and former agents, attorneys, employees, representatives, successors, assigns, partners, affiliates, all current, past

and future subsidiaries, parents, related and affiliated corporations, sister corporations, divisions, branches, members, and any person, partnership, corporation, association, organization or entity acting directly or indirectly in its interest, or as an employer in relation to Plaintiff, including any person or entity acting with or on behalf of Defendant, personally, officially, or in any capacity whatsoever, past and present; and

WHEREAS, "Plaintiff" shall include his heirs, successors, administrators, agents, assigns and attorneys, any other Parties of interest and/or representatives; and

WHEREAS, this Settlement Agreement is between Plaintiff and Defendants, and is hereinafter referred to as the "Agreement."

NOW, THEREFORE, in consideration of the covenants contained herein specifically dismissing the case with prejudice, the payment from and on behalf of Defendants to Plaintiff, and his heirs, successors, administrators, agents, assigns or attorneys, any other Parties of interest and/or representatives, and other valuable consideration, the receipt of which is hereby acknowledged, the Parties hereto agree as follows:

1. The foregoing recitals are true and correct.

Plaintiff further agrees that it is the express intent of Plaintiff to enter into this full and final settlement and compromise of any and all wage claims against Defendants.

Except for enforcement of this Agreement, if Plaintiff should later initiate or participate in any legal action or proceeding against Defendant, for any wage and employment claim arising or accruing before and through the effective date of this agreement, which he should not, this Agreement will be conclusive evidence that any such claims have been released.

2. **Dismissal of Civil Action.** Upon execution of this Agreement by all Parties, the Parties shall electronically file a joint stipulation for dismissal with prejudice, which shall specify that

each party shall bear its own attorney's fees and costs incurred in the Federal Civil Action, except as otherwise agreed by the Parties. The Parties further agree to take any additional action as required by the Court to obtain full dismissal with prejudice of the Federal Civil Action. The Parties shall cause to be filed a Stipulation for Dismissal WITH PREJUDICE of Plaintiff's pending claims against Defendants as set forth herein. The effectiveness of the Parties' Stipulation for Dismissal shall be conditioned upon the Court's entry of an order retaining jurisdiction to enforce the terms of this settlement agreement.

3. **Settlement Payment.** As settlement for Plaintiff's claims referenced herein, Defendants agree to total payment in the amount of Three Thousand Dollars and 00/100 ($3,000.00), to be paid within ten (10) days of approval from the Court of this settlement. Defendants will mail or deliver the settlement proceeds to Anthony M. Georges-Pierre, Remer & Georges-Pierre, PLLC, Courthouse Tower, 44 West Flagler Street, Suite 2200, Miami, Fl 33130. The settlement amounts are to be drafted as follows:

> A. Check #1 to Plaintiff in the amount of One Thousand Three Hundred and Twenty-Six ($1,326.00) DOLLARS, ($663.00) for unpaid wages and ($663.00) for liquidated damages, minus relevant applicable withholdings and deductions;
>
> B. Check #2 to REMER & GEORGES-PIERRE, PLLC (EIN 36-4623742) in the amount of One Thousand Six Hundred and Seventy-Four ($1,674.00) DOLLARS, in consideration of attorneys' fees in the amount of ($884.00) and costs in the amount of ($790.00).

In the event a payment is not timely received, Plaintiff will provide written notice to Defendants' counsel via email at nadine@gedeonlaw.com and Defendants will have five (5)

calendar days to cure. If Plaintiff has not received payment upon the expiration of this five (5) calendar day period, Plaintiff shall immediately be entitled to a consent judgment against Defendants, for all unpaid portions of the settlement funds for which interest shall accrue on the unpaid portion at a rate of 4.75% annually, as detailed in Florida Statute Section 55.03(1).

The portion attributable for wages will be subject to applicable withholding at the usual and customary rate. The payment to Plaintiff's counsel is for statutory attorneys' fees and costs as provided for under the FLSA and Florida Minimum Wage Amendment. The Plaintiff understands and agrees that such payment to the attorneys is in full and final satisfaction of any claim for attorneys' fees under the Fair Labor Standards Act. Defendant makes no representation as to the tax consequences or liability arising from the payment described herein. Moreover, the Parties understand and agree that any tax consequences and/or liability arising from the payment to Plaintiff shall be the sole responsibility of Plaintiff. To this extent, Plaintiff acknowledges and agrees to assume liability for any and all income tax which may be determined to be due in connection with the payment described herein.

4. **Not an Admission of Liability.** It is understood, agreed, and stipulated between the Parties that the consideration described herein is in complete and full accord, satisfaction, and discharge of disputed wage claims, and that Defendant does not in any manner by virtue of this Agreement, or payment of the consideration therefore, admit liability to anyone as a result of any incident, act, or omission described in or cognizable by the aforementioned claims, charges or causes of action, and it is recognized that Defendant has denied and continues to deny all such allegations.

5. **Complete Agreement.** This Agreement contains the entire agreement, understanding and stipulation between the Parties hereto regarding resolution of Plaintiff's

claims for unpaid wages as set forth herein. The Parties to this Agreement acknowledge that they have had full possession of any and all facts with regard to their claims or rights, and that they have had ample opportunity to consult with an attorney, any governmental agency of their choosing and/or such other advisors as they have deemed appropriate to be fully advised of the rights and obligations incurred or waived hereby. The terms of this Agreement are contractual, not mere recitals, and may be enforced in Court.

6. Each of the Parties warrant to each other that each has full power, authority and capacity to execute this Agreement. The Parties represent to each other that the effect of this Agreement has been fully explained to each of them and the Agreement is understood and agreed to by them. Plaintiff warrants and represents that she is the owner of the claims asserted and has not transferred or assigned them, except as represented in this Agreement.

7. This Agreement is deemed to have been drafted jointly by the Parties. Any uncertainty or ambiguity shall not be construed for or against any other party based on attribution of drafting to any party. The terms of this Agreement are executed without reliance upon any representations except those contained herein, and the Parties have carefully read this Settlement Agreement and sign the same of their own free will.

8. Should any provision of this Agreement be declared or be determined by any Court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.

9. This Agreement is made and entered into in the State of Florida, and shall in all respects be interpreted, enforced and governed under the laws of the State of Florida, and shall be subject to the exclusive jurisdiction of the United States District Court, Southern District of

Florida, which shall retain jurisdiction to enforce this Agreement. The Parties stipulation to dismiss this case is contingent on the United States District Court retaining jurisdiction over the terms and conditions of this Agreement. All parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties herein. The Parties agree upon mandate from the court they will file the settlement agreement with the Clerk of Court.

10. Should any party to this Agreement be required to enforce the terms of this agreement against a breaching party, upon a proven breach, the prevailing party shall be entitled to its reasonable attorney fees and costs.

11. In the event that a prospective employer requests an employment reference for Plaintiff, the parties agree that Defendants will provide only dates of employment, and/or positions held, and/or rates of pay.

12. This agreement may be signed in counterparts, fax and e-mail copies to be considered original.

**\*\*THE REST OF THIS PAGE INTENTIONALLY LEFT BLANK\*\***

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement on the dates set forth below.

AGREED AND ACCEPTED this 25 day of April, 2016.

on behalf of The Nodacim Company Inc

AGREED AND ACCEPTED this 25 day of April, 2016.

NATALIA MOROZOVA, individually

AGREED AND ACCEPTED this 25 day of April, 2016.

VLADISLAVAS BORISEVIC, individually

AGREED AND ACCEPTED this ___ day of _____, 20__.

_____, Plaintiff